UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HARUN SHARIF-EL<br>    aka FRUQUAN HOPKINS<br>    aka HARUN ABDUL SHARIF<br>    LA. DOC #433521 | CIVIL ACTION NO. 3:13-cv-0213 |
| VS. | SECTION P |
| | JUDGE DONALD E WALTER |
| WARDEN BURL CAIN, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Harun Sharif-El, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 22, 2013.  Petitioner attacks his 2001 conviction for second degree murder and the life sentence imposed thereon by the Fourth Judicial District Court, Ouachita Parish; he claims that he is entitled to *habeas corpus* relief because (1) "My status as a Moorish American national was ignored; and, (2) The respondents have violated the 13th Amendment." In support of Claim One he alleged that "The respondents have denationalized me." In support of Claim Two he alleged, "By applying Black to my proper person, this now becomes ex post facto in the 14th Amendment, which then declares that I am a citizen disguised under the word person."  This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On January 15, 2001, petitioner was convicted of second degree murder in the Fourth Judicial District Court, Ouachita Parish. He was sentenced to life imprisonment without parole. He appealed, and on November 2, 2001, his conviction and sentence were affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Fruquan Hopkins a/k/a Harum Abdul Sharif*, 35,146 (La. App. 2 Cir. 11/2/2001), 799 So.2d 1234. He did not seek further direct review.

Sometime in August 2011 he filed a series of pleadings in the Fourth Judicial District Court which he entitled an "Averment of Jurisdiction." (These pleadings appear identical to the pleadings and exhibits filed herein.) On September 22, 2011, the Fourth Judicial District Court denied his request to proceed *in forma pauperis* and dismissed the pleadings. He then sought review in the Second Circuit Court of Appeals which denied relief on July 12, 2012, finding the pleading time-barred pursuant to La. C.Cr.P. art. 930.8. *State of Louisiana v. Harun A. Sharif-El*, No. 47,558-KH. Thereafter, he sought review in the Supreme Court and on November 30, 2012, the writ application was denied as time barred. *State of Louisiana ex rel. Harun A. Sharif-El vs. State of Louisiana*, 2012-1827 (La. 11/30/2012), 103 So.3d 370. [See Doc. 1-2, pp. 22 to Doc. 1-3, p. 58]

He then filed the instant petition on January 22, 2013.

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of

2

applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction was affirmed on November 2, 2001. *See State of Louisiana v. Fruquan Hopkins a/k/a Harum Abdul Sharif*, 35,146 (La. App. 2 Cir. 11/2/2001), 799 So.2d 1234. He did not seek further direct review. Therefore, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about December 2, 2001, when the 30-day period for seeking further direct review in the Louisiana Supreme Court ended and petitioner did not seek such review. See La. Supreme Court Rule X, §5(a). Since petitioner's judgment of conviction became final for AEDPA purposes on December 2, 2001, petitioner had one year, or until December 2, 2002, to

3

file his federal *habeas corpus* suit.

Petitioner did not seek collateral review in the State courts until August 2011; by that time, the AEDPA limitations period had long expired and his collateral attack, which was also deemed untimely under Louisiana law, could not operate to toll the already expired period of limitations. In other words, this petition is clearly barred by the limitations period codified at 28 U.S.C. §2244(d)(1)(A).

## *2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his

4

Not used

rights by timely filing his *habeas* claims

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling. It is clear that petitioner failed to diligently pursue his rights – indeed, he allowed a period of over 2 months to elapse between the date that the Supreme Court denied writs ending his collateral attack in State court and the date he filed the instant petition. Equitable tolling is not available to litigants who fail to diligently pursue relief.

### 3. *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**[1]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 9, 2013.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period.**